UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLIVER ROBERT HOYTE,

    Plaintiff,

v.                                        Case No: 8:21-cv-341-CEH-AEP

NATIONAL COMMUNITY
CAPITAL, FUND TAMPA'35;1, LLC,
JASON MICHAEL VANSLETTE,
MARC ANTHONY MARRA and
SERVIS ONE, INC.,

    Defendants.

_____/

## ORDER

This matter is before the Court upon periodic review. Because Plaintiff has failed to timely file an Amended Complaint and submit a new motion to proceed *in forma pauperis* or alternatively pay the filing fee, despite being given the opportunity to do so, this action is due to be dismissed without prejudice.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the

plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Plaintiff, Oliver Robert Hoyte, proceeding *pro se*, initiated this action on February 11, 2021, with the filing of a "5.5 Million Dollar Civil Complaint for Wrongful Foreclosure" and "Emergency Hearing Request."[1] Doc. 1. In conjunction with the filing of his Complaint, Plaintiff sought to proceed without prepaying the filing fees. Doc. 2. Plaintiff's Complaint names National Community Capital Fund Tampa #1 LLC, Jason Michael Manslette, Marc Anthony Marra, and Servis One, Inc. d/b/a BSI Financial Services as Defendants and purports to assert federal and state law claims for breach of contract, scheme to defraud, unlawful deception in a foreclosure action, a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), wrongful foreclosure, slander of title, violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), slander of credit, and infliction of emotional distress. Doc. 1. Specifically, Plaintiff appears to be seeking to void a foreclosure sale that occurred November 30, 2020. *Id.* at 11.

On September 29, 2021, the Magistrate Judge entered a lengthy order following a section 1915 analysis. Based on the Magistrate Judge's analysis, the Plaintiff's Complaint suffers from several deficiencies, including a lack of sufficient facts to demonstrate whether jurisdiction is proper in federal court and a failure to state any

---

[1] On February 16, 2021, the Court denied Plaintiff's emergency motion for hearing because based on the Court's review of the allegations of Plaintiff's Complaint, emergency consideration of the claims was not warranted. Doc. 6. The Court advised that the Complaint would be considered in due course. *Id.*

claim. Further, the Magistrate Judge noted that Plaintiff's affidavit of indigency fails to support his claimed poverty. Having determined that Plaintiff fails to meet the threshold pleading requirements to state any cognizable claim, the Magistrate Judge directed Plaintiff to file by October 27, 2021 an amended complaint that complies with the Federal Rules of Civil Procedure and that states a cognizable claim. Additionally, the Magistrate Judge directed Plaintiff to submit an amended affidavit of indigency or pay the requisite filing fee. The Magistrate Judge cautioned Plaintiff that failure to timely comply may result in dismissal of this action without further notice.[2] To date, Plaintiff has not filed an amended complaint or an amended affidavit of indigency, nor has he sought an extension of time in which to do so. Accordingly, Plaintiff's Complaint is due to be dismissed. It is hereby

    **ORDERED**:

    1.    This action is **DISMISSED, without prejudice**.

    2.    The Clerk of Court is directed to terminate all motions and deadlines and **CLOSE** this case.

    **DONE** and **ORDERED** in Tampa, Florida on October 29, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented parties

---

[2] Review of the docket reveals the Magistrate Judge's Order that was sent to Plaintiff was returned as undeliverable, and no change of address has been filed by Plaintiff. It is Plaintiff's obligation to maintain a current mailing address on file with the Clerk of Court.